STATE OF VERMONT

ENVIRONMENTAL COURT

|                         |   |                          |
|-------------------------|---|--------------------------|
|                         | } |                          |
| In re: Stoddard Site Plan | } | Docket No. 255-11-06 Vtec |
| (Appeal of Adams)       | } |                          |
|                         | } |                          |

Decision and Order on Cross-Motions for Summary Judgment

Appellant John T. Adams appealed from a 2006 decision of the Planning Commission of the Town of Fair Haven approving Appellee-Applicant (Applicant) Bruce Stoddard's application for site plan approval for 28 Prospect Street. Appellant appeared and represents himself; Appellee-Applicant is represented by Phyllis R. McCoy-Jacien, Esq. The Town did not enter an appearance in this matter.

In an appeal of an earlier proposal for the same property involving the same parties, Docket No. 254-12-05 Vtec, this Court had denied site plan approval only as to the wing apartment of Applicant's proposed multi-family dwelling, ruling that it did not contain sufficient common facilities to qualify as a "housekeeping unit" under §140 of the Zoning Regulations. The denial was made "specifically without prejudice to Applicant's submittal of any subsequent application for site plan approval, even one that proposes the same division of units within the former nursing home, but so that the wing apartment contains enough common facilities to qualify as a housekeeping unit."

The present appeal involves an application which differs only as to some aspects of the interior of the so-called wing apartment. Accordingly, the Court incorporates the description of the other aspects of the project from its June 21, 2006 decision in Docket No. 254-12-05 Vtec. Appellee-Applicant now proposes to convert Room 5 to be a common bathroom for the use of the residents of the wing apartment, and to convert Rooms 2 and

1

6 (by removing their sinks and closets and closing off access to their adjoining bathrooms) to allow their use as common living areas for the use of residents of the wing apartment (together with the common lounge already proposed). The wing apartment is now proposed to have five bedrooms: those in Rooms 1, 3 and 7 with private bathrooms, and those in rooms 8 and 9 sharing a bathroom.

Appellee-Applicant was entitled by the terms of the remand order in Docket No. 254-12-05 Vtec to revise his application and submit a revised application to the Planning Commission for site plan approval, which he has done in this application. The revised application provides a common bathroom for the use of the wing apartment residents, five bedrooms, and three common rooms for use as living rooms, sitting rooms, or lounges by the residents of that apartment, meeting the terms of the definition of dwelling unit for which the former application was remanded. The Planning Commission was entitled to consider this application on its merits, and, accordingly, Appellant's motion for summary judgment is DENIED as to Question 1 of the Statement of Questions.

In Question 2 of his Statement of Questions, Appellant argues that construction has begun in violation of Condition 1 of the October 2006 Planning Commission decision, which requires that all federal, state and local permits be obtained before development commences. If construction has commenced and if other permits are required, the municipality or any interested person is free to bring an enforcement action pursuant to 24 V.S.A. §4470(b). However, such an action must be filed by means of a complaint and summons, and cannot be initiated as an issue in an appeal. V.R.E.C.P. 3(8). Therefore, Appellant's motion for summary judgment is also DENIED as to Question 2 of the Statement of Questions, and that question is DISMISSED as beyond the scope of an appeal from site plan approval.

As Appellants' Statement of Questions does not raise any other issues challenging the merits of the approval of the site plan, Appellee-Applicant's motion for summary

2

judgment is GRANTED; it is therefore ORDERED and ADJUDGED that the site plan as approved by the Planning Commission is hereby APPROVED. This decision concludes this appeal.

Done at Berlin, Vermont, this 21st day of May, 2007.

_____

Merideth Wright
Environmental Judge